UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-93 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Gregroy Devon Easley,<br>*also known as Gregory Devon Easley*, | |
| Defendant. | |

This matter is before the Court on Defendant Gregroy Devon Easley's motions for discovery, disclosure and other nondispositive relief. On May 11, 2023, the Court held a hearing (ECF No. 33) on these motions and on Mr. Easley's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 28). The Court will address the motion to suppress in a separate report and recommendation. At the hearing, Mr. Easley waived oral argument on his motions for nondispositive relief (*see* ECF No. 33). Based on the statements at the hearing, the parties' written submissions, and on the entire file, the Court enters the following Order.

I.  **Mr. Easley's Motion for Disclosure of 404 Evidence (ECF No. [22])**

Mr. Easley's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall provide the notice required by Rule 404(b) at least **two weeks** prior to trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence of conduct that is inextricably intertwined with the offense conduct charged.

II. **Mr. Easley's Motion to Compel Disclosure of Evidence Favorable to the Defendant (ECF No. [23])**

Mr. Easley's motion for discovery of exculpatory and impeaching information is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government.

III. **Mr. Easley's Motion for Early Disclosure of Jencks Act Material (ECF No. [24])**

Mr. Easley's motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). However, the Government has agreed to provide any Jencks Act material it has not already disclosed at least three days prior to the commencement of trial. The Court encourages the Government to disclose Jencks Act material not previously disclosed at least **two weeks** prior to the commencement of trial, and to engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

IV. **Mr. Easley's Motion for Discovery Pertaining to DNA and Fingerprint Evidence (ECF No. [25])**

Mr. Easley's motion is unopposed by the Government (ECF No. 30 at 3)[1] and is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rule 16(a)(1)(F) and (G).

---

[1] The Government incorrectly identifies ECF No. 25 as Mr. Easley's Jencks Act Motion (ECF No. 30 at 3). In view of the Government's opposition to Mr. Easley's Jencks Act motion (*id.*), the Court assumes it intended its statement of non-opposition to apply to Mr. Easley's Motion for Discovery Pertaining to DNA and Fingerprint Evidence (ECF No. 25).

V. **Mr. Easley's Motion for Discovery (ECF No. [26])**

Mr. Easley's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

   a. Initial expert disclosures: 28 days prior to trial.

   b. b. Rebuttal expert disclosures: 14 days prior to trial.

VI. **Mr. Easley's Motion for Government Agents to Retain Rough Notes (ECF No. [27])**

Mr. Easley seeks an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records. The Government does not oppose the motion to the extent it does not order disclosure of rough notes. Mr. Easley's motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time.

**SO ORDERED**.

Dated: May 11, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge